**ORDERED ACCORDINGLY.**

Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

**Dated: October 22, 2009**



_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 BANKRUPTCY |
| BILLIE KAY NIXON | ) | CASE NO. 2-08-bk-04776-GBN |
| xxx-xx-3998 | ) | DISMISSAL ORDER |
| Debtor(s) | ) | |

It having been shown to the Court that the Debtor(s) has failed to comply with the Court requirement concerning:

Pursuant to the Trustee's Recommendation entered 9/5/08, docket #28, Debtor(s) failed to resolve any/all items in the Recommendation, bring and keep Plan payments current and submit the Stipulated Order, as required by Motion to Extend Time on or before 12/11/08. **Debtor is currently delinquent $5,335.00 with another Plan payment of $485.00 due on 10/28/09.** Trustee notes that no Motions to Extend Time appear on the Court's Docket.

## **IF DEBTOR(S) OBJECT TO THIS DISMISSAL ORDER, THE TRUSTEE REQUIRES THE DEBTORS TO SET THIS MATTER FOR HEARING**

**NOW THEREFORE, IT IS ORDERED,**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all creditors;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve reinstatement of the case, the matter may be set for hearing upon the Debtor(s) motion. The Court may set a hearing on the Debtor(s)

-1-

motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the Debtor(s);

(D) After payment of the Trustee's percentage fee, the Trustee will retain the Debtor(s) funds pending Court approval of the payment of administrative expenses of the Debtor(s) attorney. If the Debtor(s) Chapter 13 Plan contained an Application for the Payment of Administrative Expenses to the Debtor(s) attorney and no party filed an objection to the Application, then the Debtor(s) attorney may lodge an Order approving the Application within ten days after the Court enters this Dismissal Order. Alternatively, the Debtor(s) attorney has ten days from the Court entering this Dismissal Order to file a separate fee application;

(E) If the Court previously entered a payroll deduction order on one or both of the Debtor(s) wages, then the Court vacates that order; and

(F) Except as may be stated herein, all pending adversary proceedings, contested matters, and administrative hearings relating to this case are vacated, including the continued preliminary hearing **

**ORDERED AND ENTERED AS DATED ABOVE.**

** set November 17, 2009 at 1:30 p.m.

Lodged with the Court and mailed on
<u>See Electronic Signature Block</u> to:

Allan NewDelman
80 E. Columbus Ave.
Phoenix, AZ  85012

Billie Nixon
3743 E. Hazelwood
Phoenix, AZ   85018

_____
Clerk, Chapter 13 Trustee

-2-